UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WONG, | No. 2:15-cv-993-MCE-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NORMAN V. PETERSEN, | |
| Defendant. | |

On May 7, 2015, defendant, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Sacramento County. ECF No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).[1]

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

---

[1] Also on May 7, 2015, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 3. However, in light of the recommendation herein that this action be remand for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

1  first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As explained below,

2  defendants have failed to meet that burden.

3        The notice of removal states that this court has federal question jurisdiction pursuant to 28

4  U.S.C. § 1331.  ECF. No. 1 at 1.  However, a review of the complaint reveals that plaintiff does

5  not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.

6  ECF No. 1 at 5- (Compl.).  The presence or absence of federal question jurisdiction "is governed

7  by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a

8  federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar,*

9  *Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes

10  either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief

11  necessarily depends on resolution of a substantial question of federal law."  *Williston Basin*

12  *Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100

13  (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28

14  (1983)).  Here, plaintiff's one cause of action is for unlawful detainer under state law, and

15  therefore this court lacks jurisdiction under 28 U.S.C. § 1331.[2]

16        Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be

17  REMANDED to the Superior Court of the State of California in and for the County of

18  Sacramento.

19        These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] Nor has defendant established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendant would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2   shall be served and filed within fourteen days after service of the objections.  Failure to file
3   objections within the specified time may waive the right to appeal the District Court's order.
4   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
5   Cir. 1991).

6   DATED:  May 11, 2015.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE